UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

THE AUTOMOBILE INSURANCE COMPANY,     Civil Action No. 2:21-cv-18500-
OF HARTFORD, CONNECTICUT,     SDW-LDW

                       Plaintiff,

       v.                                        DEFAULT JUDGMENT

THOMAS E. THOENIG, JR. and HASSAN
YASIN,

                       Defendants.

-----------------------------------------------------------------X

This cause came on by motion of Plaintiff The Automobile Insurance Company of Hartford, Connecticut ("Travelers"), seeking a default judgment against Defendants Thomas E. Thoenig, Jr. ("Mr. Thoenig") and Hassan Yasin ("Mr. Yasin") (together, "Defendants").

In this declaratory judgment action, Travelers seeks a declaration that it has no obligation under an automobile policy issued to Mr. Thoenig by Travelers (the "Policy") to provide coverage to, defend, or indemnify Mr. Thoenig or any other party in connection an underlying action filed by Mr. Yasin asserting claims relating to injuries Mr. Yasin allegedly sustained in an altercation with Mr. Thoenig, entitled *Hassan Yasin v. Thomas E. Thoenig, Jr.*, in the Superior Court of New Jersey, Law Division, Morris County, Docket Number MRS-L-002251-20 (the "Underlying Action").

As set forth in Travelers' complaint, and in the statements both Defendants gave to the police after the altercation, both Defendants were driving on I-80 West Rockaway Township in Morris County on August 23, 2019, had words with one another from their respective vehicles, and pulled over. Mr. Thoenig then exited his vehicle, grabbed a vehicle maintenance tool, walked

to Mr. Yasin's vehicle, and used the vehicle maintenance tool to break Mr. Yasin's driver-side window. Following that, Mr. Yasin exited his vehicle, and the Defendants had a physical altercation, after which Mr. Yasin got back into his vehicle and drove away. Mr. Yasin later filed the Underlying Action to recover for his alleged injuries based on this encounter.

Travelers commenced this declaratory judgment action by filing a summons and complaint on October 13, 2021. Travelers' summons and complaint was properly served upon Mr. Thoenig on October 29, 2021, and upon Mr. Yasin on November 5, 2021. Neither of the Defendants have answered Travelers' complaint or otherwise appeared in this action.

On December 7, 2021, the Clerk of the Court, upon Travelers' applications, certified the defaults of all Defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

The allegations and facts establish that there is no coverage available to Mr. Thoenig under the Policy, both because the claim is not a covered "auto accident" and because Mr. Thoenig intentionally caused any "bodily injury" suffered by Mr. Yasin in the altercation, thus excluding it from coverage under the Policy.

It is therefore:

**ORDERED, ADJUDGED, AND DECREED** that default judgment is granted against Defendants, declaring that Travelers has no obligation to provide coverage to, defend, or indemnify Mr. Thoenig or any other party in connection with the Underlying Action, and that Travelers is authorized to discontinue and withdraw its defense of Mr. Thoenig in that action.

Dated: Feb. 8, 2022

Hon. SUSAN D. WIGENTON, U.S.D.J.

2