<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS E. THOENIG, JR., and HASSAN YASIN,<br><br>    Defendants. | Civil Action No. 21-18500 (SDW)(LDW)<br><br>**WHEREAS OPINION**<br><br>September 12, 2022 |

**WIGENTON**, District Judge.

  **THIS MATTER** having come before this Court upon Defendant Hassan Yasin's ("Defendant") Motion to Vacate the Default Judgment entered against Defendant and in favor of Plaintiff The Automobile Insurance Company of Hartford, Connecticut ("Plaintiff"), pursuant to Federal Rule of Civil Procedure ("Rule") 60(b) and 60(c), as well as Defendant's Motion for Extension of Time to File An Answer pursuant to Rule 6(b), and this Court having reviewed the parties' submissions,[1] (D.E. 17, 22, 23); and

  **WHEREAS** Plaintiff filed this action against Defendant on October 13, 2021, seeking declaratory relief that Plaintiff is not obligated to defend or indemnify Defendant in connection with an underlying lawsuit brought by Defendant against Defendant Thomas E. Thoenig, Jr. in the

---

[1] Defendant also requests that this Court exercise its discretion pursuant to 28 U.S.C. § 2201 to decline jurisdiction over this action or stay this action because of the pendency of an underlying action brought by Defendant against Defendant Thomas E. Thoenig, Jr. in the Superior Court of New Jersey, Law Division, Morris County, bearing caption *Hassan Yasin v. Thomas E. Thoenig, Jr.*, Docket No: MRS-L-002251-20.

Superior Court of New Jersey, Law Division, Morris County, bearing caption *Hassan Yasin v. Thomas E. Thoenig, Jr.*, Docket No: MRS-L-002251-20 (the "Underlying Action"). (D.E. 1); and

**WHEREAS** Plaintiff requested an entry of default against Defendant on December 6, 2021, (D.E. 5), and the Clerk of the Court entered default on December 7, 2021. Plaintiff moved for default judgment on January 4, 2022, and this Court granted the motion on February 8, 2022. (D.E. 7, 8); and

**WHEREAS** Defendant moved to vacate this Default Judgment five months later pursuant to Rule 60(b) on the grounds that Defendant's failure to respond to the Complaint was the result of excusable neglect. (D.E. 17–1 at 12.) While Defendant "concedes service of the summons and Complaint were proper at the home of his father, with whom he resided part time and where his car was garaged[,]" Defendant contends that he was never "personally served." (D.E. 17–1 at 12) (internal quotations omitted); and

**WHEREAS** Rule 60(b) provides that, on a motion to vacate, this Court is authorized to relieve a party from default judgment for reasons including: "(1) mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b). The Third Circuit mandates that a district court consider the following factors in exercising its discretion to grant or deny a motion to set aside a default judgment under Rule 60(b): "'(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). The decision to set aside a default judgment is left "primarily to the discretion of the district court." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 194 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Generally, default judgments are disfavored by

2

courts. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 194. In deciding a motion to vacate a default judgment, "a standard of 'liberality,' rather than 'strictness' should be applied . . . and . . . '[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Medunic v. Lederer,* 533 F.2d 891, 893–94 (3d Cir. 1976) (quoting *Tozer*, 189 F.2d at 245–46). "[T]here would be no point in setting aside the default judgment" if the defendant could not demonstrate the possibility of his success on the merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 195. In addition, a party who seeks to set aside a judgmetre under Rule 60(b) must demonstrate that absent relief, an "'extreme' and 'unexpected' hardship will result." *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977); and

**WHEREAS** Plaintiff concedes that Default Judgment entered against Defendant should be vacated. (*See generally* D.E. 22.) Default Judgment entered against Defendant is therefore **VACATED**; and

**WHEREAS** Defendant requests this Court to decline jurisdiction over this action or stay this action during the pendency of the Underlying Action. (D.E. 17–1 at 15–18.) Defendant's request is denied. On the present record, there is no presence of a conflict between Federal and State law.

Accordingly, Defendant's Motion to Vacate Default Judgment will be **GRANTED**. Defendant shall have thirty (30) days to respond to Plaintiff's Complaint. An appropriate order follows.

s/ *Susan D. Wigenton*  
**SUSAN D. WIGENTON**  
**UNITED STATES DISTRICT JUDGE**

Orig:        Clerk  
cc:          Leda D. Wettre, U.S.M.J.  
               Parties